## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHISN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Rolando Carlos Rodriguez | ) | Case No. 20-cv-2990 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Felipe Jimenez and Illinois Pallet | ) | |
|     Recycling,Inc. | ) | |
| | ) | Jury demanded |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Rolando Carlos Rodriguez ("Plaintiff"), through his attorneys, Lopez & Sanchez, LLP for his Complaint against Felipe Jimenez and Illinois Pallet Recycling, Inc. (collectively "Defendants"), states as follows:

## INTRODUCTION

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek, and failure to pay all earned wages for all time worked when due.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**THE PARTIES**

3.      At all relevant times hisein, Plaintiff Rolando Carolos Rodriguez Perez resided in and was domiciled within this judicial district.

4.      At all relevant times hisein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5.      At all relevant times hisein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6.      During the course of his employment from July 2014 until March 2018, Plaintiff worked for Defendants repairing pallets.

7.      Defendant Felipe Jimenez is the President of Illinois Pallet Recycling, Inc. (Illinois Pallet) and was involved in the day to day business operation of Defendant Illinois Recycling. Defendant had the authority to hire and fire persons employed by Defendant Illinois Recycling, including the Plaintiff; the authority to direct and supervise the work of Defendant Illinois Recycling, employees; the authority to sign on Defendant Illinois Recycling checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

8.      Defendant Felipe Jimenez was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

9.      Defendant Illinois Pallet Recycling, Inc. ("Illinois Recycling"), is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district, specifically at 1434B Davis Rd. Elgin, IL 60123.

10.     Defendant Illinois Recycling is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

2

11.     Defendant Illinois Recycling has had two or more employees, including Plaintiff, who handle goods that moved in interstate commerce.

12.     At all relevant times hisein, Defendant Illinois Recycling was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

13.     Mr. Rodriguez worked for Defendants from July 2014 through March 20, 2018.

14.     Plaintiff worked approximately 60-64 hours per week, although there were times he worked more hours.

15.     He worked in repairing pallets and was paid $12.00 per hour for this work.

16.     Defendants failed to pay Plaintiff overtime compensation for the time he worked over 40 hours a week.

17.     Plaintiff has executed a consent to sue letter, which is attached to this complaint as an exhibit.

### COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages

18.     Plaintiff incorporates and re-alleges paragraphs 1 through 18 of this Complaint as though fully set forth herein.

19.     This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay all wages to Plaintiff that he was due.

20.     During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

21.     During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

22.     Plaintiff worked approximately 60-64 hours per week, although there were times he worked more hours.

23.     Plaintiff was compensated at a rate of $12.00 per hour, but was sometimes not paid for all of his overtime hours and was owed pay for time he worked which was never paid.

24.     Defendant's failure to pay Plaintiff the minimum wage for all time worked up to forty (40) hours per week violated the FLSA, 29 U.S.C. § 206.

25.     Defendant willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked up to forty (40) hours in individual work weeks.

26.     Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure to pay his the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

WHISEFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount Plaintiff's regular rate for all time Plaintiff worked in up to forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act - Overtime Wages

27.     Plaintiff incorporates and re-alleges paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28.     This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

29.     During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

30.     During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

31.     Plaintiff worked approximately 60-64 hours per week, although there were times he worked more hours.

32.     Mr. Rodriguez was not paid for some of the hours he worked overtime and was not paid at all for other hours he worked overtime.

33.     Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times his  regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

34.     Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times his hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

35.     Defendant willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

36.     Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHISEFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

5

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Minimum Wage Law-Minimum Wages

37.     Plaintiff realleges and incorporates paragraphs 1-36 as if set forth herein.

38.      Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq*., for failure to pay the minimum wage to Plaintiff for all time worked up to of forty (40) hours in certain individual work weeks.

39.     During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

40.     Plaintiff worked approximately 60-64 hours per week, although there were times he worked more hours.

41.     Pursuant to (820 ILCS 105/4) Plaintiff was entitled to be compensated at an hourly rate of  between $10.00 and $11.00 per hour pay for all time worked up to forty (40) hours in individual work weeks.

42.     Defendant did not compensate Plaintiff at the minimum rate of pay for all time worked up to forty (40) hours in individual work weeks.

43.     Defendant's failure to pay Plaintiff the minimum wage for all time worked up to  in forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

44.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus treble damages and simple interest in the amount of five percent (5%) per month of the amount of underpayment.

        WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.  A judgment in the amount of all back wages due as provided by the IMWL;

B.  Treble damages

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and

punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law-Overtime Wages

45.     Plaintiff realleges and incorporates paragraphs 1-44 as if set forth herein.

46.      Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq*., for

failure to pay overtime wages to Plaintiff at a rate of one and one half times their regular hourly

rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

47.     During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from

the overtime wage provisions of the IMWL.

48.     Plaintiff worked approximately 60-64 hours per week, although there were times he

worked more hours..

49.     Pursuant to 820 ILCS 105/4(a)(1) Plaintiff was entitled to be compensated at a rate of one

and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours

in individual work weeks.

50.     Defendant did not compensate Plaintiff at the rate of one and one half time his regular

hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

51.     Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times his

regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work

weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

52. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus treble damages, and simple interests in the amount of five percent (5%) per month of the amount of underpayment.

WHISEFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such further relief as this Court deems appropriate and just.

Respectfully submitted,

/s/    Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated May 20, 2020

8